IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| BERMAN JUSTUS, JR., | ) | |
|     Petitioner, | ) | Civil Action No. 7:13cv00461 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| HAROLD CLARKE, | ) | By: Norman K. Moon |
|     Respondent. | ) | United States District Judge |

Petitioner Berman Justus, Jr., a Virginia inmate proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2007 convictions and sentence in the Greene County Circuit Court. I find that Justus's petition is untimely filed and that there are no grounds for equitable tolling. Therefore, I will dismiss his petition.

## I.

On January 23, 2007, the Greene County Circuit Court entered judgment against Justus, convicting him of capital murder, use of a firearm in the commission of a capital murder, first degree murder, use of a firearm in the commission of murder, and shooting into an occupied vehicle. The court sentenced Justus to two life terms plus eighteen years of incarceration. Justus appealed, and the Court of Appeals of Virginia denied his appeal on November 30, 2007. Justus did not appeal to the Supreme Court of Virginia; however, he argues that the appeal was not filed due to counsel's error. On May 18, 2010, Justus filed a Virginia State Bar complaint against counsel for counsel's failure to perfect the appeal. On November 17, 2010, Justus filed a habeas petition in the Greene County Circuit Court, which was "denied and dismissed with prejudice" on February 28, 2011 as untimely filed. Justus did not appeal. Justus then filed a second habeas petition in the Greene County Circuit Court on June 28, 2012, which was dismissed on September 27, 2012. Justus appealed and the Supreme Court of Virginia refused his habeas appeal on June 20, 2013. Justus filed his instant § 2254 habeas petition on September 24, 2013, alleging that counsel provided constitutionally ineffective assistance in failing to perfect Justus's

direct appeal. The court conditionally filed Justus's petition, advised him that the petition appeared to be untimely filed, and gave him an opportunity to respond to the court regarding the timeliness of his petition.

## II.

A one-year statute of limitations applies when a person in custody pursuant to the judgment of a state court files a federal petition for a writ of habeas corpus. 28 U.S.C. § 2244(d).[1] Assuming, without finding, that Justus exercised due diligence and did not discover the factual predicate of his claim until May 18, 2010 when he filed the Bar complaint against counsel, the statute of limitations began to run on Justus's case on that day. However, the time during which a "properly filed" state habeas petition is pending is not counted toward the period of limitation. 28 U.S.C. § 2244(d)(2). Assuming, without finding, that Justus's first habeas petition was properly filed, the statute of limitations clock stopped running on November 17, 2010, after approximately 183 days, when Justus filed his first habeas petition in the Greene County Circuit Court. The clock then began to run again on March 30, 2011, when Justus's time

---

[1] Under 28 U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act ["AEDPA"] on April 24, 1996, a federal petition for writ of habeas corpus must be brought within one year from the latest of the following:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A - D). Here, it is unclear exactly when Justus discovered that counsel had not filed a direct appeal, but it is clear that he knew that an appeal was not filed when he complained to the Virginia State Bar about counsel's performance. I will assume, without finding, that Justus exercised due diligence in discovering his claim and that upon discovery he immediately filed the Bar complaint.

to appeal that circuit court's dismissal expired. Assuming, without finding, that Justus's second state habeas petition filed in the Greene County Circuit Court was also properly filed, the statute of limitations clock stopped running again on June 28, 2012, after an additional 456 days, when Justus filed his second state habeas petition. The clock then began to run again when the Supreme Court of Virginia refused his appeal on June 20, 2013. Justus filed this federal habeas petition on September 24, 2013, approximately 96 days after the Supreme Court of Virginia dismissed his second state habeas petition. Therefore, the time clock on Justus's statute of limitations ran for a total of approximately 735 days before he filed his federal habeas petition. Accordingly, Justus's petition is time-barred unless he demonstrates grounds for equitable tolling.[2]

Despite being given the opportunity to amend his petition, Justus makes no argument to support equitable tolling of the statute of limitations. Accordingly, I find that Justus has not demonstrated any grounds for equitable tolling and thus, his petition is untimely filed.

### III.

For the reasons stated, I will dismiss Justus's petition as untimely filed.

**ENTER**: This 6th day of June, 2014.

*[signature]*
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

[2] A petitioner must demonstrate either the timeliness of his petition pursuant to § 2244(d) or that the principle of equitable tolling applies in his case. *See Hill v. Braxton*, 277 F.3d 701 (4th Cir. 2002); *Harris v. Hutchinson*, 209 F.3d 325 (4th Cir. 2000). Otherwise, an untimely petition must be dismissed by a federal district court. 28 U.S.C. § 2244(d)(1)(A)-(D). A district court may apply equitable tolling only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Rouse v. Lee*, 339 F.3d. 238, 246 (4th Cir. 2003) (citing *Harris*, 209 F.3d at 330). The petitioner must demonstrate that some action by the respondent or "some other extraordinary circumstance beyond his control" prevented him from complying with the statutory time limit, despite his exercise of "reasonable diligence in investigating and bringing the claims." *Harris*, 209 F.3d at 330 (citing *Miller v. N.J. State Dep't of Corrs.*, 145 F.3d 616, 617 (3d Cir. 1998)).