CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

7/2/2026

LAURA A. AUSTIN, CLERK
BY:  s/ ARLENE LITTLE
    DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA**
ROANOKE DIVISION

| | |
|---|---|
| BERMAN JUSTUS, | CASE NO. 7:13-CV-00461 |
| *Petitioner,* | |
| v. | **ORDER** |
| DIRECTOR CHADWICK DOTSON, | |
| *Respondent.* | JUDGE NORMAN K. MOON |

For reasons contained in the accompanying memorandum opinion, the Court **GRANTS** Dotson's motion to dismiss in its entirety and **DISMISSES** Justus' case. Dkt. 106. The Court directs the Clerk to strike this case from the active docket.

### CERTIFICATE OF APPEALABILITY

A petitioner may not appeal a denial of relief under 28 U.S.C. § 2254 without first receiving a certificate of appealability. 28 U.S.C. § 2253(c)(1). The Court may issue a certificate of appealability "only if the [petitioner] has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). Under the controlling standard, a petitioner must show that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). When a petition is denied on procedural grounds, as here, the petitioner may meet the standard by showing that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Id.* at 338.

As analyzed in the accompanying memorandum opinion, Justus raises three claims in his amended habeas petition: (1) Claim One, alleging ineffective assistance of counsel from his counsel's failure to upload a complete transcript to the Virginia Court of Appeals; (2) Claim Two, alleging a due process violation from the same conduct; and (3) Claim Three, alleging ineffective assistance of counsel from his counsel's failure to perfect his appeal to the Virginia Supreme Court. Dkts. 103, 104. The Court grants Dotson's motion to dismiss Claims One and Two for both procedural and merits reasons.[1] Claim Three, however, is dismissed exclusively on the merits.[2] Dkt. 109 at 16. The Court now analyzes each claim's eligibility for a certificate of appealability.

   *A. Claim One*

As noted in the Court's Memorandum Opinion, there was record evidence supporting the trial court's finding that Justus was sane at the time he committed the underlying crimes. The Court of Appeals—which cannot "reweigh evidence or make its own determination of the credibility of witnesses," *Yahner v. Fire-X Corp.*, 826 S.E.2d 888 (Va. Ct. App. 2019)–was required to "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom." *Newsome v. Commonwealth*, 901 S.E.2d 492, 496 (Va. Ct. App. 2024). Under this deferential standard, the Court of Appeals only needed to satisfy itself that there was some record evidence

---

[1]    For the procedural part of the ruling, Justus failed to establish prejudice for Claims One and Two and could not cure his procedural default. First, for the merits of Claim One, Justus' failure to demonstrate prejudice under Strickland's second prong. Dkt. 109 at 14. Second, for the merits of Claim Two, the Virginia Court of Appeals' review of his insanity at the time of the offense was not "constitutionally inadequate." *Id.* at 15-16.

[2]    The Court came to this conclusion because Justus lacked a right for a discretionary appeal to the Virginia Supreme Court. Dkt. 109 at 16.

supporting the trial court's finding on Justus' sanity. Having done so, the missing pages from the trial transcript could not have altered the Court of Appeals' decision.

Because the missing transcript pages—which contained some of Justus' testimony—would merely have introduced a credibility question, no reasonable jurist could conclude that Justus testimony was, indeed, essential for a fair review of his claim.  In other words, he cannot establish prejudice, without prejudice, Justus cannot clear procedural default or state the merits of a *Strickland* claim. Accordingly, the Court **DENIES** a certificate of appealability for Claim One.

B.  *Claim Two*

The Court adopts the above analysis that a reasonable jurist may not find prejudice sufficient to clear Justus' procedural default for Claim Two. Considering the merits of Claim Two, the Court found Justus' appeal, despite the 18 missing pages, considered a "record of sufficient completeness" and therefore was not "constitutionally inadequate." Dkt. 109 at 15-16. A reasonable jurist could not find the additional pages were so central to the appellate review as to render the review "constitutionally inadequate" when significant record evidence about Justus' insanity was provided. The Court **DENIES** a certificate of appealability for Claim Two.

C.  *Claim Three*

This claim is not procedurally defaulted, so the Court need only consider the merits of Claim Three. Because Claim Three is contrary to precedent, and because Justus did not have a right to a discretionary appeal to the Virginia Supreme Court, a reasonable jurist could not find this Court's conclusion debatable. The Court, therefore, **DENIES** a certificate of appealability for Claim Three.

It is **SO ORDERED.**

The Clerk of Court is directed to send a copy of this Order to all counsel of record.

Entered this 2nd of July, 2026.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE